IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kanzora Robinson, | ) | C/A No. 3:18-3460-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Megan J. Brennan, *Postmaster General,* | ) | |
| *United States Postal Service*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This employment discrimination case is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on Defendant's motion for a protective order. (ECF No. 109.) Plaintiff filed a response in opposition to the motion. (ECF No. 112.)

In a telephonic hearing held on the record on October 9, 2020, after disagreement about the issue between the parties, the court ordered that the fact witnesses subpoenaed for depositions in this matter be deposed in person in accordance with recommended safety guidelines of the Center for Disease Control relating to COVID-19.[1] (ECF No. 95.) When the witnesses refused to appear for their depositions on October 28, 2020, the court held an emergency telephone conference with the parties and reaffirmed its October 9 decision that depositions of fact witnesses are to be conducted in person. (ECF No. 105.) The court further directed that the fact witnesses' depositions be held outdoors with the parties maintaining six feet of social distancing and wearing masks, and that all other CDC guidelines related to the COVID-19 pandemic be observed. The court also ordered that the depositions of the fact witnesses be conducted on November 4, 2020 at a location to be determined by the parties. The court observed that, despite the COVID-19

---

[1] The court also ordered that the Rule 30(b)(6) witnesses be deposed remotely.

pandemic, the court is operational and Defendant has now had eight months since the outbreak of the pandemic to similarly devise strategies for litigating safely during the pandemic.

Defendant now moves for a protective order for fact witnesses Kertina Epps and Candace Barber, arguing that they should not have to appear in person for the depositions due to the COVID-19 pandemic. Defendant instead asks the court to order that their depositions be taken virtually, rather than in person at Plaintiff's counsel's office in Aiken, South Carolina. In support of the motion, Defendant provides declarations from Epps and Barber. Epps declares that it is "unhealthy and unreasonable" for her to travel to Plaintiff's office to be deposed during the pandemic because she has "several underl[ying] health issues," she is "going through IV Iron Infusion in preparation for surgery in the next few weeks," and she is a single parent. (Epps Aff. ¶ 4.iii, ECF No. 109-1 at 2.) Barber declares that she is not comfortable giving her deposition in person because there is a pandemic, she is a single mother, and her vehicle is not reliable. (Barber Aff. ¶ 3, ECF No. 109-2 at 1.)

In response, Plaintiff asserts that she has prepared for the depositions to be held in accordance with the court's order at Plaintiff's counsel's office in Aiken, South Carolina. Plaintiff indicates that she offered to hold the depositions at Defendant's counsel's office in Columbia, South Carolina, but Defendant did not accept the offer. Plaintiff indicates that she has prepared the backyard of her office for the depositions so that they could be held in accordance with the court's order—outside, socially distanced, and with everyone wearing masks. Plaintiff also indicates that Defendant has never suggested any alternative place for the depositions or notified Plaintiff that the distance to travel was a problem for the witnesses.

Federal Rule of Civil Procedure 26(c)(1) provides that the court may, for good cause, issue an order protecting a party from "annoyance, embarrassment, oppression, or undue burden or

expense" in the discovery process. Fed. R. Civ. P. 26(c)(1). The burden of demonstrating good cause is on the party seeking relief, who must make a specific showing of fact to demonstrate good cause, rather than "stereotyped and conclusory statements." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2035 (3d ed. 2020). The court has broad discretion to decide when a protective order is appropriate and what degree of protection is required. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

Initially, the court finds that the motion for protective order should be denied because Defendant fails to include a certification under Federal Rule of Civil Procedure 26(c)(1) that Defendant conferred or attempted to confer with Plaintiff in good faith to resolve this matter without court action. Regardless, Defendant's motion is denied as to both witnesses because Defendant fails to show good cause justifying further protections. Defendant's motion is mostly based on conclusory, vague concerns of health and safety during the COVID-19 pandemic that, while serious, are generalized concerns not specific to the witnesses. See Baron Fin. Corp. v. Natanzon, 240 F.R.D. 200, 202 (D. Md. 2006) ("In order to establish good cause, a proponent may not rely upon 'stereotyped and conclusory statements,' but must present a 'particular and specific demonstration of fact,' as to why a protective order should issue.") (quoting 8A Wright & Miller, Federal Practice & Procedure § 2035).

To the extent reasons specific to the witnesses are articulated in their affidavits, those reasons are insufficient to warrant protection beyond the measures the court has already ordered that both incorporated CDC guidelines and were specifically designed to ensure the safety of the small number of people that will be present at the depositions. Importantly, Plaintiff's counsel indicates that she has prepared her office to comply with the court's order, and Defendant gives no indication that Plaintiff's counsel's precautions are insufficient to protect the parties' health.

See Manley v. Bellendir, Case No. 18-cv-1220-EFM-TJJ, 2020 WL 2766508, at *3 (D. Kan. May 28, 2020) (finding the plaintiff failed to show good cause for the entry of a protective order postponing in-person depositions, finding that the plaintiff presented only generalized concerns regarding the COVID-19 pandemic and did not contend that he was personally at a heightened risk of contracting the virus or that the defendant's precautions were inadequate to protect the plaintiff); see also Crawford v. Blue Ridge Metals Corp., C/A No. 1:19-CV-206, 2020 WL 4001093, at *3 (W.D.N.C. July 15, 2020) (denying the plaintiff's motion for a protective order that his deposition be taken remotely, finding that the plaintiff failed to show that the in-person deposition was less safe than the alternative, especially in light of the precautions taken to protect the parties' health at the in-person deposition).  Additionally, to the extent Epps relies on her upcoming surgery—for which she provides no date—as a basis for protection, the request is not supported by any medical documentation, is unspecific as to the nature of the surgery, and does not provide any medical basis for the court to find that the manner of deposition could unreasonably jeopardize her health or future surgery.  Thus, Defendant fails to show good cause to protect the witnesses from the November 4 in-person depositions.

    For all of the foregoing reasons, as well as those articulated by Plaintiff in her opposition memorandum, it is

    **ORDERED** that Defendant's motion (ECF No. 109) is denied.

    **IT IS SO ORDERED**.

November 3, 2020  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE