IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kanzora Robinson, | ) | C/A No. 3:18-3460-MGL-PJG |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Megan J. Brennan, *Postmaster General, United States Postal Service*, | ) | |
| Defendant. | ) | |

This employment case is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for an order on Plaintiff's affidavit of fees (ECF No. 140) submitted in response to the court's partial grant of Plaintiff's motion to compel (ECF No. 137). Defendant filed a response (ECF No. 147) contesting certain costs Plaintiff seeks in the affidavit, and Plaintiff filed a reply (ECF No. 150).

**A.   Applicable Standard**

Pursuant to Rule 37(a), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Generally, in calculating an appropriate attorney's fee award, the court begins with the lodestar amount, that is, "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). When an attorney has met his burden of showing that the requested rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee. See Blum v. Stenson, 465 U.S. 886, 887 (1984). In determining whether any adjustment to this calculation is necessary, the

court may consider twelve factors originally established in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), and adopted by the United States Court of Appeals for the Fourth Circuit in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Barber, 577 F.2d at n.28. It is well established that the allowance of attorney's fees is within a judge's discretion. Id. at 226.

Having carefully reviewed Plaintiff's affidavit and having considered the Barber factors, except as limited below based on Defendant's objections, the court concludes that Plaintiff's counsel's rate and time expended are reasonable. Plaintiff's counsel's time and labor expended are reasonable in light of the novel issues presented because of the COVID-19 pandemic, including implementing proper protocols for in-person hearings and depositions. Also, Plaintiff's counsel only appeared in this matter after Plaintiff litigated the case *pro se* well into the discovery process, where Plaintiff also had difficulty obtaining discovery from Defendant. Further, Plaintiff's counsel's rate and time expended is commensurate with their professional experience and proportional to the needs of this case.

**B.     Defendant's Objections**

    **1.     Costs of the Depositions**

Defendant objects to paying the costs of the depositions in the amount of $1,929.90. Defendant argues that Plaintiff would have incurred those costs regardless of whether they took place on October 28, 2020 as originally scheduled, or on November 4, 2020 as compelled by the

court. The court agrees. The court awarded sanctions for Plaintiff's reasonable expenses related to *scheduling* the October 28 depositions and *rescheduling* those depositions. In her reply, Plaintiff makes no argument that the cost of the depositions increased as a result of their rescheduling and admits that she was not made to pay a cancellation fee. Plaintiff argues that she expended good will to negotiate the waiver of extra fees associated with rescheduling the depositions, but Plaintiff did not specifically seek compensation for expenses associated with negotiating the waiver. Therefore, Defendant's objection to paying for the costs of the depositions in the amount of $1,929.90 is sustained.

      2.      **Costs of Preparing for the Depositions**

Defendant objects to paying the November 3 costs of Plaintiff's counsel to prepare for the November 4 depositions in the amount of $985.00. Defendant argues that the court did not authorize payment of costs associated with preparing for the depositions because counsel would have incurred such expenses regardless of the date of the depositions. In reply, Plaintiff argues that Plaintiff's counsel first prepared for the October 28 depositions, but due to the depositions being rescheduled, had to again prepare for them on November 3, 2020, for which she seeks compensation. Because the court awarded sanctions for Plaintiff's reasonable expenses related to *rescheduling* the depositions, the additional time Plaintiff's counsel spent preparing for the rescheduled depositions is reasonable. Defendant's objection is overruled.

      3.      **October 27 Conferences and Emails**

Defendant objects to paying for the first two entries in Plaintiff's counsel's billing matrix dated October 27 and described as "Conference with opposing counsel" for 0.1 hours and "Conference with opposing counsel and review and sending of emails" for .6 hours. Defendant argues the entries are incomplete and do not specify the nature of the costs because they do not

identify the subject matter of the conferences and emails. In her reply, Plaintiff argues that these entries for the day before the originally scheduled deposition concerned Defendant's refusal to attend the deposition. As Plaintiff's counsel swears in her affidavit that these expenses were incurred in working on the motions associated with rescheduling the depositions, Defendant's objection is overruled.

### 4.     Excessive Fees

Defendant objects to paying for expenses dated October 28 and November 2 relating to arranging the depositions because they were billed by Plaintiff's counsel rather than a paralegal or support staff. Defendant argues that such fees are excessive and unreasonable because they could have been performed by a paralegal or support staff. The court disagrees. As Plaintiff explained in her reply, such tasks could normally be performed by staff, but Plaintiff's counsel was required to become directly involved in rescheduling the depositions because of Defendant's actions. Accordingly, Defendant's objection is overruled.

### 5.     January 7 Communication with Plaintiff

Defendant objects to paying for a January 7, 2021 expense for 0.4 hours described as "Conference with client regarding hearing in case." Defendant argues that the court did not authorize fees and expenses related to attorney-client conferences held after the January 7 hearing on the motion for sanctions, and that it is unclear whether this communication was related to the court's ruling on the motion for sanctions related to the depositions (as opposed to other discovery issues addressed in that hearing). In reply, Plaintiff argues that the conference was necessary for Plaintiff's counsel to explain to Plaintiff what occurred at the hearing on the motion for sanctions. In the hearing, the court awarded reasonable expenses incurred in litigating the motion for sanctions. Plaintiff's counsel swears in her affidavit that her conference with Plaintiff was related

to the motions for sanctions, which would not have been necessary but for Defendant's conduct. Accordingly, the court finds Plaintiff's counsel's inclusion of expenses for the January 7 conference with Plaintiff is reasonable and Defendant's objection is overruled.

### 6. January 7 Hearing Preparation

Defendant objects to paying for Plaintiff's counsel's *entire* preparation time for the January 7 hearing, totaling 4.9 hours, because that hearing included a second motion for sanctions that was not granted. In her reply, Plaintiff argues that while her second motion for sanctions was denied, that motion also concerned Defendant's disregard of discovery obligations, and, Plaintiff did not seek compensation for costs of drafting the motions. Therefore, Plaintiff argues, compensation for more than half of her preparation time, if not all, is reasonable. The court finds that a downward adjustment of hours is reasonable. Therefore, Defendant's objection is sustained in part. Defendant must pay for 2.45 hours of Plaintiff's counsel's preparation time on January 7, 2021.

### C. Conclusion

Considering the resolution of Defendant's objections as explained above, Defendant is ordered to pay Plaintiff $4,895 within **thirty (30) days** of the date of this order.

**IT IS SO ORDERED**.

April 5, 2021  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE